## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**DANIEL COBBLE**                                                                                   **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:09CV-682-R**

**CHARLES R. SIMPSON III et al.**                                                     **DEFENDANTS**

### MEMORANDUM & ORDER

Plaintiff, Daniel Cobble, filed this civil action on September 2, 2009. He sues the following officials in their individual capacities only: 1) United States District Court Judge Charles R. Simpson III; 2) United States Magistrate Judge Dave Whalin; 3) United States Attorney General Eric Holder; 4) Assistant United States Attorney Michael Bennett; 5) Federal Bureau of Investigations Officer Timothy Cox; 6) United States Deputy Marshal Kirk Ioos; 7) United States District Court Judge Amul Thapar; and 8) United States Court of Federal Claims Judge Thomas C. Wheeler.

Currently before the Court is Cobble's motion seeking recusal of the undersigned, Hon. Thomas B. Russell, in this matter. In his motion Cobble states:

> Comes Petitioner, Daniel Cobble to MOTION the Court for presiding Chief Judge Thomas B. Russell to recuse himself from this instant case, due to two obvious material conflicts-of-interests, as said Tort Claim is an issue to be resolved in this instant case. Whereby, to evade his legal admissions of Tort Claim #1571637103, the claim establishes an inherent conflicting interest for Judge Russell to bias this instant case to prevent granting the claim to Cobble as relief. For granting the claim would incriminate Judge Russell.
>
> In the other conflict-of-interest, this instant case establishes the glaring issue that Case 3:06cr-93-R is a fraudulent conviction of Cobble, of which Judge Russell also presided over that case. Therefore, 3:06cr-93-R must be vacated, but whereas Judge Russell has an abiding interest in not having [his] case overturned, to again avoid incrimination. The matter of the fraudulent conviction has been brought to Judge Russell's attention, but has not responded to correct the matter. It demonstrates that Judge Russell is **not willing** to correct 3:06cr-93-R, and thus, there exists the second material conflict-of-interest for the presiding judge.

Pursuant to 28 U.S.C. § 455,

(a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:
   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
   (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
   (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
   (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
      (I) Is a party to the proceeding, or an officer, director, or trustee of a party;
      (ii) Is acting as a lawyer in the proceeding;
      (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
      (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Motions for recusal are committed to the sound discretion of the district court deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Further, it is proper for the challenged judge to rule on the motion for recusal. *See United States v. Hatchett*, No. 92-1065, 1992 U.S. App. LEXIS 27169 (6th Cir. Oct. 15, 1992); *see also Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). The law with regard to recusal under section 455 is straightforward and well-established in the Sixth Circuit. "A district court judge must recuse himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is objective and is

not based on the subjective view of a party." *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993). "In order to justify recusal under § 455, the judge's prejudice or bias must be personal or extrajudicial. Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005). In the absence of demonstrated bias, a judge's actions, stated impressions, comments, findings or rulings in judicial proceedings are not grounds for disqualification. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

The undersigned is not a party to the present action and has no personal bias against Cobble that will affect the outcome of these proceedings. Moreover, Cobble cannot rely on the undersigned's involvement in his other criminal and civil cases as a basis for recusal. *See id.* ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Accordingly, having reviewed Cobble's motion, the undersigned concludes that recusal is not warranted in this action. Cobble's motion (DN 6) is **DENIED.**

Date:

cc: Plaintiff, *pro se*
    Defendants
    United States Attorney
4413.008