## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**DANIEL COBBLE**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 3:09CV-682-R**

**CHARLES R. SIMPSON III et al.**  **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Daniel Cobble, filed this civil action on September 2, 2009.  He sues the following officials in their individual capacities only:  1) United States District Court Judge Charles R. Simpson III; 2) United States Magistrate Judge Dave Whalin; 3) United States Attorney General Eric Holder; 4) Assistant United States Attorney Michael Bennett; 5) Federal Bureau of Investigations Officer Timothy Cox; 6) United States Deputy Marshal Kirk Ioos; 7) United States District Court Judge Amul Thapar; and 8) United States Court of Federal Claims Judge Thomas C. Wheeler.

In his twenty-eight page, typewritten complaint, Cobble alleges that Defendants have conspired with one another to secure false convictions against him in two federal criminal cases, Criminal Action Numbers 3:06CR-93-R and 3:08CR-120-S.  He also alleges that Defendant Judges Thapar and Wheeler improperly refused to ratify his "perfected tort claim with lien" in connection with his civil lawsuit against the United States, 3:98CV-123-T.  As relief, Cobble seeks,

> 1) Vacate the unlawful conviction of 3:08cr-120-S, and expunge 3:98cr-120-S from the public record, and make this civil matter for addressing the damages,
>
> 2) Vacate the unlawful conviction of 3:06CR-93-R, and expunge 3:06CR-R from the public record,
>
> 3) Ratify the full amount of Cobble's legitimate, uncontested, perfected Tort Claim #1571637103 (Case 3:08CV-123-T).  The full amount is warranted, because

> governmental officials ignored Cobble's initial offer in 3:08CV-123-T to settle for a fraction of the injury amount. As usual, these officials continued the shenanigans and exacerbated injuries of Cobble, as described herein. **The claim may be ratified by any judge.**
>
> 4) Cost for prosecuting this case at $35.00 per hour.

(DN 1 at 27-28).

Along with his complaint, Cobble also filed a motion to proceed without prepayment of the $350.00 filing fee. Before the Court could rule on Cobble's motion, however, he paid the filing fee in full mooting his motion. As such, in accordance with Federal Rule of Civil Procedure 4(b) the Clerk of Court issued summonses to Cobble. There is no indication in the record that Cobble has perfected service on any of the Defendants to date.

Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). However, where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," the district court need not afford the plaintiff an opportunity to amend the complaint, especially where the district court has determined that it lacks subject-matter jurisdiction over the action. *Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)).

After reviewing Cobble's complaint with attachments (DN 1) and his supplement (DN 8), the Court concludes that *sua sponte* dismissal under *Apple v. Glenn* is appropriate because it is "no longer open to discussion" that the relief Cobble seeks is unavailable in the context of this civil action. *See Madkins v. City of Memphis*, 20 F. App'x 335, 336 (6th Cir. 2001) (upholding district court's *sua sponte* dismissal of a complaint against forty-eight defendants including judges, a court clerk, prosecutors, a grand jury foreman, police officers and others under *Apple v.*

*Glenn* where the plaintiff alleged that governmental officials improperly prosecuted him, that individuals falsely testified against him, and that he was convicted and confined as the result of a vast conspiracy against him).

First, Cobble seeks to have his federal criminal convictions overturned and his criminal record expunged. Cobble can obtain this relief only by directly appealing his convictions, filing a timely motion under Federal Rule of Criminal Procedure 35, or seeking to vacate, set aside, or correct his sentences under 28 U.S.C. § 2255. *See Agunbiade v. United States Drug Enforcement Admin.*, No. 94-CV-75048-DT, 1995 U.S. Dist. LEXIS 4210 (E.D. Mich. Feb. 22, 1995) ("The proper remedies for a challenge to a federal conviction and sentence are a direct appeal or a motion under 28 U.S.C. § 2255 in the sentencing court."). A federal district court lacks jurisdiction to disturb a federal criminal conviction as part of an independent civil action against the government officials involved in securing the conviction. *See Hamilton v. Simpson*, 31 F. App'x 889, 890 (6th Cir. 2002) ("Hamilton's remaining arguments clearly challenge the validity of his criminal conviction. These arguments do not provide a cognizable basis for relief in a civil rights action, as he has not shown that his conviction was reversed on direct appeal, expunged by executive order, declared invalid by an appropriate tribunal, or called into question by a federal writ of habeas corpus."). In the context of this action, it is beyond dispute that this Court lacks the jurisdiction necessary to "vacate and expunge" Cobble's federal criminal convictions as requested in the relief section of his complaint.

Cobble also requests that this Court "make this civil matter for addressing the damages" flowing from his alleged wrongful convictions. This Court also lacks the jurisdiction at the present time to award money damages for any alleged wrongs that were committed against

Cobble by the federal officials involved in securing his convictions. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87 (footnote omitted). "The requirement that the conviction or sentence has been reversed, expunged, or invalidated is analogous to the similar requirement in the tort of malicious prosecution and is called the 'favorable termination' requirement of *Heck*." *S.E. v. Grant County Bd. of Educ.*, 544 F.3d 633, 637 (6th Cir. 2008). This rule prevents "duplicative, collateral attack of convictions or sentences through § 1983 actions." *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394-95 (6th Cir. 1999) (overruled on other grounds). The Sixth Circuit has extended *Heck* to suits against federal officials arising out of federal convictions. *See Robinson v. Jones*, 142 F.3d 905, 906-907 (6th Cir. 1998) (dismissing federal convict's civil action against the Assistant United States Attorney who successfully prosecuted him as barred by *Heck* because the federal conviction that had not been declared invalid or otherwise impugned as set forth in *Heck*). Because a successful outcome in this action would imply the invalidity of Cobble's federal convictions, this civil action requesting money damages for the alleged wrongful convictions is barred by *Heck*.

Likewise, the Court lacks jurisdiction to grant Cobble the relief he seeks in relation to his previous Civil Action No. 3:08CV-123-T. Cobble essentially is asking this Court to reopen his prior civil action and reverse the rulings made by Defendant Judges Thapar and Wheeler. "The structure of the federal courts does not allow one judge of a district court to rule directly on the

4

legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction." *Dhalluin v. McKibben*, 682 F. Supp. 1096, 1097 (D. Nev. 1988). By affording Cobble the relief he requests, ratification of "his legitimate, uncontested, perfected Tort Claim #1571637103 (Case 3:08CV-123-T)," this Court would be acting outside of its jurisdiction by effectively attempting to overrule the determinations made by Judges Thapar and Wheeler. Additionally, Cobble cannot pursue a claim against Judges Thapar and Wheeler simply because he believes that they decided his claim against the United States incorrectly. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'") (quoting *Bradley v. Fisher*, 80 U.S. 335, (1872)).

Cobble, a *pro se* litigant, is also not entitled to fees for prosecuting this "civil rights" action. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991) ("A rule that authorizes awards of counsel fees to *pro se* litigants -- even if limited to those who are members of the bar -- would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case."); *Wright v. Crowell*, 674 F.2d 521 (6th Cir. 1982) ("We also affirm the holding of the district court that a *pro se* litigant is not entitled to an award of attorney fees.").

Finally, in a "supplement" Cobble filed with the Court on September 24, 2009 (DN 8), he asserts that all Defendants should be held liable in this action under 18 U.S.C. § 4. This statute

provides,

> § 4. Misprision of felony
> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

An alleged violation of the federal misprision of felony statute does not give rise to a private right of action. *See, e.g., Apollo v. Peake*, 306 F. App'x 584 (Fed. Cir. 2009). Therefore, a civil action alleging a violation of this statute does not confer jurisdiction on the Court. *See Mohwish v. Gentry*, No. 97-5331/97-5417, 1998 U.S. App. LEXIS 17922, *5 (6th Cir. July 31, 1998).

Because it is "no longer open to discussion" that this Court lacks the jurisdiction necessary to afford Cobble the relief he seeks in this civil action, the Court will enter a separate order dismissing this action for lack of subject-matter jurisdiction pursuant to its authority under *Apple v. Glenn*, 183 F.3d 477(6th Cir. 1999).

Date:

cc: Plaintiff, *pro se*
    Defendants
    United States Attorney
4413.008